UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

E. Richard Dressel, Esquire (ED 1793)
LEX NOVA LAW LLC
2000 Horizon Way, Suite 750
Mt. Laurel, NJ 08054
(856) 382-8211
rdressel@lexnovalaw.com
Attorneys for Andrew Sklar,
Chapter 7 Trustee

In Re:

KEISHA JENAE HENRY,

Debtor.

Bankr. No.: 25-17457(ABA)

Chapter: 7

Judge: Andrew B. Altenburg

Hearing Date: ______, 2026 @ ____

ORDER GRANTING MOTION FOR AUTHORITY TO SELL REAL PROPERTY OF THE ESTATE FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES

The relief set forth on the following pages, numbered two (2) through five (5), is hereby ORDERED.

THIS MATTER having been opened by Andrew Sklar, Trustee for Keisha Jenae Henry (the "Debtor"), by and through his counsel, Lex Nova Law LLC, seeking entry of an Order Granting Authority to Sell Real Property of the Estate Free and Clear of Liens, Claims and Encumbrances (the "Motion"), and the Court having reviewed and considered the papers submitted in support of the Motion and opposition to the Motion, if any, and having heard the arguments of counsel, if any, and for other good and sufficient cause shown;

THE COURT MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:

A. Full and adequate notice of the Motion has been afforded to all interested parties, in conformance with the requirements of Fed. R. Bankr. Proc. 2002.

B. The offer made by Javaid Najmi in the amount of Two Hundred and Eighty-Five Thousand Dollars ($285,000.00) is the highest and best offer received for the real and personal property located at 8 Wagon Wheel Drive, Sicklerville, NJ 08081 and the sale price for the Property constitutes full and adequate consideration and reasonably equivalent value for the Property.

C. The transaction being proposed by the Trustee was negotiated at arm's length and in good faith.

D. The Trustee has agreed to satisfy the mortgage held by SPS Portfolio Servicing, Inc., the mortgage of Real Time Resolutions, Tax Sale Certificates, Motor Vehicle Commission DMV Automated Surcharges and the statutory liens of Wilton's Corner Proprietary Association at the Closing on the sale of the Property, to the extent not in dispute.

E. Any judgments, including that of Red Oak Holdings, are deemed unsecured claims not entitled to distribution from the proceeds of the sale of the Property and the sale of the Property shall be deemed free and clear of any such Judgments.

F. The Buyer is a good faith purchaser for value pursuant to Section 363(m) of the Bankruptcy Code and, as such, the sale of the Property is entitled to all the protections afforded thereby.

G. The Buyer is and shall be acting in good faith within the meaning of Section 363(m) of the Bankruptcy Code in closing the transaction(s) contemplated by the Agreement.

IT IS ORDERED as follows:

1. The Motion shall be, and hereby is, granted in its entirety.

2. The sale of the Trustee's right, title, and interest in the real property commonly known as 8 Wagon Wheel Drive, Sicklerville, NJ 08081 (the "Property"), to Javaid Najmi (the "Buyer") pursuant to the terms and conditions set forth in the Agreement of Sale presented to the Trustee by the Buyer, and same is hereby approved. Objections, if any, to the Motion that were not withdrawn or settled on the record are overruled. The record and transcript of the hearing and all findings and determinations of this Court are hereby incorporated herein.

3. Valid liens, claims, interests and encumbrances, if any, shall attach to the proceeds of sale. The mortgage held by SPS Portfolio Servicing, Inc., the mortgage of Real Time Resolutions, Tax Sale Certificates, Motor Vehicle Commission DMV Automated Surcharges and the statutory liens of Wilton's Corner Proprietary Association shall be paid in full at closing pursuant to a payoff statement generated through the date of tender. The sale shall be completed

within sixty (60) days of entry of this Order authorizing sale. If not completed, new Court approval shall be required. Any dispute as to the payoff amount must be raised in a reasonably prompt manner after the issuance of the payoff statement.

4. To the extent that the payoffs for the mortgage held by SPS Portfolio Servicing, Inc., the mortgage of Real Time Resolutions, Tax Sale Certificates, Motor Vehicle Commission DMV Automated Surcharges and the statutory liens of Wilton's Corner Proprietary Association payoff(s) is/are in dispute, the amount of said payoff(s) shall be deposited with the title company handling the closing on behalf of the Buyer pending a resolution of the dispute, either consensually or by Order of the Court.

5. All persons and entities holding any liens, claims, interest and encumbrances of any kind and nature in and against the Property, the Debtor or the Debtor's Estate are hereby forever barred and permanently enjoined from asserting such liens, claims, interest and encumbrances of any kind and nature in or against the Property, the Buyer or his successors or assigns or affiliates.

6. The Trustee be and is hereby authorized to execute such necessary and appropriate documents in order to effectuate the aforesaid sale. The Trustee is authorized to adjust the sale price for the Property for an amount of no more than $2,500.00 relating to either a change in the condition of the Property and/or items that are alleged to have been removed therefrom.

7. At the time of closing the Trustee be and hereby is authorized to pay the usual and customary closing costs including, but not limited to, outstanding real estate taxes, the real estate agent's commission of five (5%) percent (or, $14,250), the customary and normal closing costs of a seller, adjustments between buyer and seller for taxes and assessments, recording

fees, title room charges, document preparation fees, mailing/overnight fees and additional legal fees and costs for representation of Trustee, as Seller, in connection with and at the closing.

8. Pursuant to Section 363(m) of the Bankruptcy Code, the reversal or modification of this Order on appeal will not affect the validity of the transfer of the Property to the Buyer or of any transaction contemplated or authorized by this Order, unless the same is stayed pending appeal prior to the consummation of the transaction authorized by this Order.

9. A true and correct copy of this Order shall be served upon all interested parties within five (5) days of the date hereof.