E. Richard Dressel, Esquire (ED 1793)
Lex Nova Law LLC
20000 Horizon Way, Suite 750
Mt. Laurel, NJ 08054
rdressel@lexnovalaw.com
856-382-8211
Attorneys for Andrew Sklar,
Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re:<br><br>KEISHA JANAE HENRY,<br><br>Debtor. | Bankr. No.: 25-17457(ABA)<br><br>Chapter 7<br><br>Honorable Andrew B. Altenburg<br><br>Hearing: October ___, 2026 @ ___ _.m. |

CERTIFICATION IN SUPPORT OF MOTION FOR THE ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. § 363 AUTHORIZING THE SALE OF REAL PROPERTY OF THE ESTATE FREE AND CLEAR OF LIENS, CLAIMSAND ENCUMBRANCES, TO AVOID LIENS, AND VALID LEINS TO ATTACH TO THE PROCEEDS OF SALE, AND WAIVER OF AUTOMATIC STAY PROVISION OF FED. R. BANK. R. 6004(h)

I, Andrew Sklar of full age hereby certifies as follows:

1. I am the duly appointed Trustee in this Chapter 7 case.

2. The Debtor filed a voluntary Chapter 7 petition in bankruptcy on July 16, 2025 (the "Petition Date").

3. On July 16, 2026, I was appointed to serve as the Chapter 7 Trustee (the "Trustee"), with the duties set forth in 11 U.S.C. § 704.

4. Less than three (3) months prior to the Petition Date, the Debtor transferred a certain real property located at 8 Wagon Wheel Drive, Sicklerville, NJ 08081, Map 11.01, Block 1101.01, Lot 8 on the Tax map of the Township of Winslow, Camden County, New Jersey (the "Property") to the Keisha Jenae Henry Trust (the "Defendant") for one dollar ($1.00)

consideration.

5. On October 29, 2025, as part of my duties, I commenced an adversary proceeding (docketed at Adv. Pro. No. 25-02454) seeking the entry of a Judgment avoiding transfer of the Property to Defendant pursuant to 11 U.S.C. §§ 544 and 550 (the “Adversary Proceeding”).

6. On February 4, 2026, the Court entered a Consent Judgment Granting Relief Sought by Trustee’s Adversary Complaint to Avoid Debtor’s Transfer of Property to the Keisha Henry Trust Pursuant to 11 U.S.C. §§ 544, 548 and 550 and for Related Relief (the ”Consent Judgment”).

7. The Consent Judgment provides, *inter alia,*

(a) The Debtor’s transfer of the Property to the Trustee constituted a recoverable transfer pursuant to 11 U.S.C. §§ 548 and 550;

(b) The Property shall be immediately transferred from the Defendant to the Debtor;

(c) The Trustee is hereby authorized to take all steps necessary to effectuate the transfer of the Property to the Debtor and, to the extent necessary the Debtor shall cooperate fully with he Trustee, both in her individual capacity and in her capacity as trustee of the Trust;

(d) Subject to the approval of this Court, the Trustee is hereby authorized to retain a real estate broker to market the Property for sale in a commercially reasonable manner, which marketing shall include, but not be limited to, showings of the Property on reasonable notice to the tenants residing at the Property; and

(e) The sale of the Property shall be subject to the approval of this Court in accordance with 11 U.S.C. § 363 including, but not limited to, any proposed contract for sale being subject to higher and/or better offers.

8. The Property was recovered as an asset of the estate pursuant to 11 U.S.C. §§ 548 and 550; therefore, the Debtor may not claim an exemption in the Property.

9. At the time of the filing of her Petition, the Debtor estimated the value of the Property as $310,000.00, with liens against the Property in the amount of approximately $195,403. According to Schedule D of the Debtor's Petition, the liens consist of a first mortgage in favor of SPS Portfolio Servicing, Inc. in the approximate amount of $135,313 and Real Time Resolutions in the approximate value of $42,000, and various Tax Sale Certificates in the total amount of approximately $1,590. The Buyer's title report also reflects various Motor Vehicle Commission, DMV Automated Surcharges in the approximate total amount of $4,750 and the statutory liens of Wilton's Corner Proprietary Association.

10. The Title Report also reflects a judgment in favor of Red Oak Holdings, which is unperfected as to the Trustee and must, therefore, be deemed an unsecured claim not entitled to distribution from the proceeds of the sale of the Property, so that the sale of the Property shall be free and clear of any such Judgments.

11. I have not abandoned my interest in the Property under 11 U.S.C. § 554 and as such the Property remains property of the bankruptcy estate.

12. On October 14, 2025, I filed my Notice of Assets & Request for Notice to Creditors and the Clerk's Office issued the Notice of Assets to creditors on the same date.

13. On February 15, 2026, I filed my Application For Retention of Professional Robert Greenblatt of Weichert Premier Realtors as Realtor and the Court entered the Order for his/its retention on February 24, 2026. Mr. Greenblat was retained to, *inter alia,* market the Property.

14. Mr. Greenblatt has been able to secure a buyer for the Property. On or about September 17, 2026, I entered into an Agreement For Sale Of Real Estate (the "Contract") for

the sale of the Property to Javaid Najmi (the "Buyer"). Pursuant to the terms of the Contract, Buyer will pay Two Hundred Eighty-Five Thousand Dollars ($285,000.00) for the Property on an "as is with all faults" basis. The parties are to contemplate closing on the sale of the Property on or before October 23, 2026. I believe this is the highest and best offer for the Property. A t rue and correct copy of the Contract is attached hereto and fully incorporated herein as Exhibit "A".

15. In connection with the sale/purchase of the Property, Buyer retained the services of ClosePoint USA LLC to conduct a Title search for the Property. The Title Report reflects that the Property was deeded to Keisha Jenae Henry Trust on April 3, 2025. A true and correct copy of the Deed is attached hereto and fully incorporated herein as Exhibit "B".

16. The Title report reflects that there is a judgment of Red Oak Holdings in the amount of approximately $5,800 against the Property.

17. The sale of the Property to Buyer for the purchase price of $285,000 will enable the Trustee to make distribution to creditors in this matter.

18. At the time of closing the Trustee will also have to satisfy usual and customary closing costs including, but not limited to, outstanding real estate taxes, the real estate agent's commission of five (5%) percent (or, $14,250), the customary and normal closing costs of a seller, adjustments between buyer and seller for taxes and assessments, recording fees, title room charges, document preparation fees, mailing/overnight fees and additional legal fees and costs for representation of Trustee, as Seller, in connection with and at the closing. Such costs, fees and expenses are also capable of being satisfied at the time of closing from the proceeds of the sale. Trustee requests that he be permitted to pay these costs at the time of closing.

19. Therefore, Trustee respectfully requests that the Court enter an Order authorizing and approving the sale of the Property to Javaid Najmi and/or his assign for the price of $285,000, free and clear of any and all claims, liens, mortgages, judgments and encumbrances, for lien avoidance, payment of customary items and other relief the Court deems appropriate.

20. Trustee also respectfully requests that the Court enter an Order authorizing immediate distribution of the proceeds of the sale of the Property at the time of closing to satisfy outstanding valid liens, Seller's usual and customary closing costs, appropriate judgments and my allowed and outstanding legal fees.

21. The timing of the sale of the Property is of the essence. Trustee requests that the Order authorizing the sale of the Property provide for the immediate sale of the Property without said sale being stayed as required under Fed. R. Bankr. P. 6004(h).

I certify under penalty of perjury that the foregoing statements made by me are true and correct. Executed this day October 14, 2026.

/s/_Andrew Sklar
Andrew Sklar, Chapter 7 Truste